

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 20, 1970

Hon. J. W. Edgar
Commissioner
Texas Education Agency
201 E. 11th Street
Austin, Texas

Dear Dr. Edgar:

Opinion No. M- 709

Re: Whether the Legislature has
appropriated funds to estab-
lish and maintain regional
diagnostic facilities as au-
thorized by Section 11.15 of
the Texas Education Code, as
amended, and related questions.

You have requested an opinion concerning the above stated
matter. We quote from your letter:

"Section 5 of House Bill 156 (Code provision
11.15), as amended by H.B. 432, 61st Leg., directs
that the Commissioner of Education shall transmit
to the 62nd Legislature an interim report on the
status of the research on the problem of diagnosing
and treating language-handicapped children, and (2)
include in the report an itemized estimate of the
money required to conclude research project satis-
factorily by August 31, 1972. In implementation of
this research program contemplated by the Act, especially
Section 11.15(h), subsections (2) and (3) of Texas
Education Code, which call for the establishment and
operation of at least three regional experimental
diagnostic facilities, and subsection (4) which
authorizes the making of agreements toward the estab-
lishment thereof, we currently are confronted with a
two-fold problem.

"First: Is there an appropriation to sup-
port the cost of establishment and operation
of such regional facilities?

"Second: May subsection (4) of Section 11.15(h)
T.E.C., be construed to empower the Texas Educa-
tion Agency to contract with private firms,
clinics or other acceptable associations for the
performance of such experimental diagnostic
treatment and program services, pursuant to Agency
adopted regulations and/or guidelines?

-3426-

"The Office of State Comptroller has apprised
this Agency orally that in the absence of an Attorney
General ruling it could not honor requests of this
Agency for warrants in payment of costs for the es-
tablishment and operation of such regional experimental
diagnostic facilities, because there is no language in
House Bill No. 156, as amended, or any other statute,
which provides that such research program shall con-
stitute a part of and be financed from the Foundation
School Program or its Fund; and secondly, because there
is no estimate or specified amount appropriated to the
Texas Education Agency from the General Revenue Fund
for such regional and experimental diagnostic facilities
purposes."

The gist of the first question appears to be whether there
is a specific appropriation and prior authorization by the Legisla-
ture to pay the cost of the establishment and operation of the re-
gional facilities mentioned in your request.

Section 44 of Article III, Texas Constitution, requires
pre-existing law as a base for a specific appropriation. Austin
National Bank v. Sheppard, 123 Tex.272, 71 S.W.2d 242 (1934).

Section 6 of ArticleVIII, Texas Constitution, requires
that a specific appropriation be made before money is drawn from
the treasury. The definition of "specific" as set forth in Section
6 was interpreted by the Texas Supreme Court in National Biscuit
Company v. State, 134 Tex.293, 135 S.W.2d 687 (1940): (page 693)

"It is sufficient if the Legislature authorizes
the expenditure by law, and specifies the purpose for
which the appropriation is made."

In the instant case, House Bill No. 2, Acts 61st Legisla-
ture, 2nd Called Session, 1969, p. 890 (last appropriations act)
provides:

"There is hereby appropriated for the biennium
ending August 31, 1971 . . . to pay the State's part
of the Foundation School Program as provided for in
. . . House Bill No. 156, Chapter 451, . . . Acts of
the 60th Legislature, Regular Session, 1967; . . .

"There is hereby specifically appropriated out
of moneys in the General Revenue Fund not otherwise
appropriated the amount necessary to pay the full
amounts contemplated and provided by Senate Bill

No. 117 . . . should there be insufficient money
in the fund created by said Senate Bill No. 117
. . . to carry out the purposes and provisions of
Senate Bill No. 117 . . . House Bill No. 156 . . .
supra, . . . The appropriation above shall be ex-
pended under the terms and provisions of said Senate
Bill No. 117, supra, and the respective laws herein-
above cited . . . and by the same offices named therein
respectively." (Emphasis added.)

House Bill No. 156 referred to in the above Act was
codified as Article 2654-1c, Vernon's Civil Statutes, and later
adopted in the Texas Education Code as Section 11.15. At the same
time, as adopted in the Code it was amended by House Bill 432, Acts
of the 61st Legislature, Regular Session, page 228 (1969). The
net effect of this legislation is that House Bill 156, as referred
to in the above quoted sections of the Appropriation Act, is very
much alive, and in our opinion serves as existing law upon which
a specific appropriation was made by the Legislature in the last
Appropriation Act.

Your second question also requires an affirmative answer.

The authority and obligations of Section 11.15(h) of the
Texas Education Code was not affected by House Bill 432, supra, and
said Section authorizes and requires the Central Education Agency to
establish a minimum number of experimental diagnostic facilities with
advice from the advisory council. This same section of the Code, and
also pertinent provisions of House Bill 432, specifically provide that
the agency shall make necessary agreements and contacts to establish
the diagnostic facilities, and further authority is given to seek
assistance of both public and private concerns to develop a program
for such facilities.

## S U M M A R Y

Prior law exists upon which a specific ap-
propriation was made to pay the cost of establish-
ing and operating regional experimental diagnostic
clinics as contemplated by the "Barnes-Wright Study
Act", Article 2654-1c, Vernon's Civil Statutes.

Specific authority is given by Section 11.15(h)
of the Texas Education Code for the Central Education
Agency to contract with private firms to set up and
operate the experimental diagnostic programs pursuant
to Central Education Agency guidelines.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James C. McCoy
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Ivan Williams
Jerry Roberts
Fisher Tyler
Roger Tyler

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant